(C. D. 256)

SABINE TRANSPORTATION CO. v. UNITED STATES

## United States Customs Court, Third Division

(Decided November 30, 1939)

*Little & Metzger* (*Clini W. Little* of counsel) for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*Charles J. Miville*, special attorney), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges; CLINE, J., not participating

EVANS, Judge: This is an action against the United States wherein the plaintiff seeks to recover certain sums of money claimed to have been unlawfully collected as customs duties upon an importation of wire rope that entered the United States at the port of Houston, Tex. The collector assessed duty upon the merchandise at the rate of 35 per centum ad valorem under the provisions of paragraph 316 of the Tariff Act of 1930. The plaintiff makes no contest upon the classification of the merchandise.

The entry was filed on September 4, 1936. On December 15, 1937, the importer tendered to the collector an amended entry containing a so-called duress certificate in which he cited certain reappraisement cases then pending for decision before the United States Customs Court. On February 8, 1938, the collector of customs refused to accept the so-called amended entry, but withheld examination and appraisement, we presume, awaiting the outcome of the appealed case sought to be made the test case. On May 14, 1938, the collector permitted an amended entry to be filed but without the duress certificate. Thereafter the entry proceeded to liquidation and the importer filed the following protest, to wit:

Protest is hereby made against your decision refusing permission to amend, under duress, the entry named below together with the liquidation of same. The reasons for objection, under the Tariff Act of 1930, are that said entry may be amended under Section 487 and may be amended under duress under Section 503 (b).

The offer is hereby made to furnish evidence to the U. S. Customs Court, sitting at Houston, Texas, on reasonable notice from them, of the facts involved, and in the support of the contentions herein.

\* \* \* \* \* \* \*

When the case was called for trial the Government interposed an oral motion to dismiss on the ground that the protest was intended to challenge the ruling of the collector in refusing to allow the amended duress entry to be filed, and since his decision on that question had been made more than 60 days before the date of the protest, said protest was untimely. The motion was taken under advisement by the judge on circuit who, under date of November 2, 1939, denied the motion to dismiss. The division finds no error in this ruling.

The case was then submitted upon the following stipulation:

It is stipulated and agreed by and between counsel for plaintiff and the Assistant Attorney General for the United States in the matter of the above entitled protest as follows:

1. That this protest is a protest against the decision of the Collector made February 8, 1938, refusing to allow an amendment under duress to be made to entry No. 277–H, the subject of this protest, as per request made December 15, 1937.

2. That the same kind of merchandise is involved in this protest as was involved in Reappraisement cases numbers 112526–A and 112527–A.

3. That Reappraisement cases 112526–A and 112527–A were pending at the time the attempt was made to amend this entry under duress and were finally decided October 11, 1938, Reap. Dec. 4409.

4. That at the time the amendment under duress was tendered to the collector, the merchandise nor the invoice had come under the observation of the appraiser for the purpose of appraisement.

5. That the duress amendment would have changed the value of the merchandise shown in the original entry.

6. That an amendment, not under duress, was accepted to this entry on May 14, 1938 and subsequent to the tender of the duress amendment by approximately five months.

It is further stipulated and agreed that the protest be deemed submitted on this stipulation and, subject to the consent of the Court, that the plaintiff may have thirty days from date of filing this stipulation for filing a brief and that the defendant shall have thirty days from the filing of plantiff's brief for the filing of a reply brief.

Both parties have submitted excellent briefs. The importer relies upon the provisions of section 487 of the Tariff Act of 1930 as the basis for his right to amend and contends that section 503 of the same act when properly interpreted does not deny him the right to file, as a part of his amended entry, the duress certificate. Said section 487, so far as it relates to the controversy in question reads as follows:

SEC. 487. VALUE IN ENTRY—AMENDMENT.

The consignee or his agent may, under such regulations as the Secretary of the Treasury may prescribe, at the time entry is made, or at any time before the invoice or the merchandise has come under the observation of the appraiser for the purpose of appraisement, make in the entry such additions to or deductions from the cost or value given in the invoice as, in his opinion, may raise or lower the same to the value of such merchandise.

Section 503 (b) relating to dutiable value is in the following language:

SEC. 503. DUTIABLE VALUE.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(b) ENTRIES PENDING REAPPRAISEMENT.—If the importer certifies at the time of entry that he has entered the merchandise at a value higher than the value as defined in this Act because of advances by the appraiser in similar cases then pending on appeal for reappraisement or re-reappraisement, and if the importer's contention in such pending cases shall subsequently be sustained, wholly or in

part, by a final decision on reappraisement or re-reappraisement, and if it shall appear that such action of the importer on entry was taken in good faith, the collector shall liquidate the entry in accordance with the final appraisement.

It is the contention of the importer that the language "at the time of entry" in said section 503 should not be given the narrow interpretation implied by the words "at the time of entry" standing alone, but should be construed so as to contemplate the encompassing of the right given under section 487, *supra*, so that the language should be made to read "at the time of entry, or at any time before the invoice or the merchandise has come under the observation of the appraiser for the purpose of appraisement." He supports his position by the argument that in the case of *Ono Trading Co.* v. *United States*, 23 C. C. P. A. 124, T. D. 47991, it was held in effect that the duress certificate is a part of the entry and that this court had held in the case of *Meyer* v. *United States*, T. D. 45798, 62 Treas. Dec. 51, that the object of the so-called duress certificate was to give the information contained therein to the customs officials in order to avoid, if possible, the assessment of additional duty because of undervaluation. Therefore, asserts the plaintiff, Congress intended that the language in section 503, *supra*, "at the time of entry" should be broadened in accordance with his interpretation, it being the law that the importer's right is to perfect his entry by amendment to the value at any time before the invoice or the merchandise shall have come under the observation of the appraiser for the purpose of appraisement.

Possibly this contention might be dismissed with the observation that had Congress intended to accomplish the result claimed it would have been a simple matter to have added in said section 503 (b) language which the importer claims should be read into the statute. Furthermore, since said section 503 (b) provides a method by which the importer may avoid the payment of additional duties under certain conditions, it confers a privilege upon him and if there be any doubt as to the construction to be placed upon the language contained therein, such doubt should be resolved in favor of the Government and not in favor of the importer, consequently in our opinion it should be so interpreted as to require the filing of the so-called duress certificate at the time of entry. This division of the court in the case of *Victorien M. Meyer* v. *United States*, *supra*, held that the expression "at the time of entry" as used in section 503, *supra*, contemplates the filing of the entry paper and not the transaction of passing merchandise through the customhouse. The Court of Customs and Patent Appeals in the case of *Ono Trading Co.* v. *United States*, *supra*, held, at p. 130:

The law (section 489) requires the certificate to be filed *"at the time of entry"* (italics not quoted). It does not permit the filing of such certificate at some other time. Hence, if there were no certificate filed at the time of entry, as we

have in effect found, where, within the law, is there authority to file it at some other time, * * *.

In that case a duress certificate had been filed with the entries but it was conceded that there were no such numbered similar cases pending on reappraisement.

It is true that in the case of *S. Yamada* v. *United States*, 26 C. C. P. A. 89, T. D. 49628, the Court of Customs and Patent Appeals held that a duress certificate could be amended by citing the correct test cases. That case makes no comment upon the ruling in the *Ono Trading* case, *supra*, and it is impossible for us to reconcile the two decisions. We must presume under the circumstances that the learned court intended to overrule their earlier decision. However, the situation is different in the instant case, because here no duress certificate was filed with the original entry, but approximately 3 months after entry, by the means of making an amended entry, the importer sought to accomplish what he might have accomplished on entry, that is, he might have filed a duress certificate. So we have here no case of amending a certificate already filed. There was no indication at the time of the original entry that there was a pending case in the nature of a test case on reappraisement.

It is the duty of the court to interpret the statute as it finds it. If there is to be any change in the language or any additions of language in the statute the proper forum to make such changes is the Congress of the United States. Furthermore, upon the facts as agreed upon there is no showing that the importer is in any manner injured and if such is the case the court ought not to pass upon a moot question.

The plaintiff's claims will therefore be overruled. Judgment will be rendered accordingly. It is so ordered.