T. & N. O. R. R. Co. ET AL. *v.* UNITED STATES

**No. 5359.**—Invoices dated Sonneberg, Germany, July 1, 1939, etc.
Certified July 5, 1939, etc.
Entered at New Orleans, La., August 15, 1939, etc.
Entry No. 430, etc.

(Decided July 30, 1941)

*Sharretts & Hillis* (*Arthur L. Tallman* of counsel) for the plaintiffs.
*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

OLIVER, Presiding Judge: The appeals to reappraisement listed in schedule A, hereto attached and made a part hereof, involve the proper dutiable value of certain Christmas-tree ornaments and glass animals or novelties exported from Germany and imported at the port of New Orleans.

The cases have been submitted for decision on a stipulation entered into by and between counsel for the respective parties, wherein it is agreed, in substance, as follows:

(1) That the Christmas-tree ornaments and glass animals or novelties in question were exported from Germany during the period from September, 1935, through December, 1939.

(2) That the instant merchandise is similar in all material respects to that which was the subject of the decision in the case of *F. W. Woolworth Co. et al.* v. *United States* (Reap. Dec. 5094).

(3) That the market conditions existing during the period of exportation of the articles in question were similar, if not identical, to the conditions found to be prevailing in the foreign market as described in the *Woolworth Co.* case, *supra*.

(4) That the record in the *Woolworth Co.* case, *supra*, may be incorporated in and made a part of the record in the present cases.

On the agreed facts, as hereinabove set forth, I find that on the dates of exportation of the instant merchandise, Christmas-tree ornaments, such as and similar to those involved herein, were freely offered for sale to all purchasers in the principal market of the country of exportation, to wit, the Sonneberg-Lauscha district of Germany, in the usual wholesale quantities and in the ordinary course of trade for consumption in Germany and for exportation to the United States and other countries. I further find that on the dates of exportation of the instant merchandise, glass animals or novelties, such as and similar to those involved herein, were freely offered for sale to all purchasers in the principal market of the country of exportation, to wit, the Sonneberg-Lauscha district of Germany, in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States.

Accordingly, I hold as matter of law:

(1) That the proper dutiable foreign and export values of the Christmas-tree ornaments exported prior to January 1, 1938, are the *per se* unit invoice prices, and

(2) That the proper dutiable foreign and export values of the Christmas-tree ornaments exported subsequent to January 1, 1938, are the *per se* unit invoice prices, plus 3½ per centum social assessments, and

(3) That the proper dutiable export values of the glass animals and novelties exported prior to January 1, 1938, are the *per se* unit invoice prices, and

(4) That the proper dutiable export values of the glass animals and novelties exported subsequent to January 1, 1938, are the *per se* unit invoice prices, plus 3½ per centum social assessments, and

As to all the foregoing, plus, when not included in such *per se* unit invoice prices, the costs of cases and packing and the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, as invoiced, whenever reported as dutiable by the appraiser.

The appeals having been abandoned insofar as they relate to all other merchandise, to that extent the appeals are hereby dismissed. Judgment will be rendered accordingly.