(C. D. 591)

FRANK P. DOW, INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided February 2, 1942)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the plaintiff.
*Paul P. Rao,* Assistant Attorney General (*Richard F. Weeks,* special attorney), for the defendant.

Before CLINE and KEEFE, Judges

CLINE, Judge: This is an action against the United States in which the plaintiff seeks to recover money claimed to have been assessed in excess of the amount due as customs duties upon importations of Japanese silk goods at the port of Seattle, Wash. Plaintiff claims that the collector of customs should have used as the basis for his liquidation the reappraised value of the merchandise rather than the entered value because, it is alleged, the goods were entered upon a so-called duress certificate filed under authority of section 489 of the Tariff Act of 1922, showing that the entered value was higher than that returned upon final appraisement in order to meet advances made by

the appraiser in a similar case then pending on appeal for reappraisement. Other claims in the pleadings were not relied on and are overruled.

Section 489, *supra*, insofar as pertinent, is as follows:

SEC. 489. * * * Duties shall not, however, be assessed upon an amount less than the entered value, except in a case where the importer certifies at the time of entry that the entered value is higher than the value as defined in this Act, and that the goods are so entered in order to meet advances by the appraiser in similar cases then pending on appeal for reappraisement or re-reappraisement, and the importer's contention in said pending cases shall subsequently be sustained, wholly or in part, by a final decision on reappraisement or re-reappraisement, and it shall appear that the action of the importer on entry was so taken in good faith, after due diligence and inquiry on his part, and the collector shall liquidate the entry in accordance with the final appraisement.

When this entry was made, article 268 of the Customs Regulations of 1923 was in effect. This regulation provided a form of certificate in so-called duress entry cases, and required that the number of the entry in the claimed test case be stated therein. The so-called duress certificate filed herein cited among others, entries 59011, 768869, and 754262. These entries were involved in the case of *United States* v. *Iwai*, 16 Ct. Cust. Appls. 542, T. D. 43265, in which the claim of the importer that the item of Japanese textile tax was not dutiable was sustained. The collector of customs in the instant case refused to reliquidate at the final appraised value, because, as appears from the evidence, he considered that the so-called duress certificate did not comply with the law in that it failed to cite a case pending on appeal to reappraisement, the test case cited having been decided nearly 2 months earlier.

The entry here involved was filed on April 11, 1929. The case of *United States* v. *Iwai, supra,* was decided on February 16, 1929. The judgment order of this court, pursuant to the mandate of the Court of Customs Appeals, was issued on March 23, 1929. It will thus be seen at the time this entry was made and the certificate filed the test case cited in said certificate had proceeded to judgment. Apparently the action of the collector of customs in liquidating the entry at the entered value rather than the final appraised value of the test case, was due to this situation.

After a hearing at the port of entry the case was transferred to New York where it was submitted upon the following stipulation:

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

It is hereby stipulated and agreed by and between counsel for plaintiff and the Assistant Attorney General, attorney for the United States that New York entries 59011, 768869, and 754262, of October, 1922, relating to silk fabrics imported from Japan, and covered by re-appraisement decision 1094, US v. Iwai, 16 CCA 542, T. D. 43265 and Abstract 8333 of March 23, 1929, were liquidated by the New York collector of customs on August 12 and 13, 1929, and that upon this

stipulation this protest may be ordered submitted, with 60 days after transcription allotted for brief of plaintiff, and 30 days for defendant to reply.

\*          \*          \*          \*          \*          \*          \*

In its brief plaintiff contends that although the cited case had been decided at the time this entry was made, nevertheless it was still "pending," because, it is alleged, the judgment of this court in conformity with the mandate of the Court of Customs Appeals, although rendered March 23, 1929, did not become final until May 22, 1929, at which time the 60 days would have elapsed during which an appeal might have been filed. We know of no authority for an appeal from a judgment of this court made in conformity with a mandate of the Court of Custom Appeals. Plaintiff in its brief cites as authority for such appeal 28 U. S. C. 308. Section 308 as it there appears is not applicable for the reason that the U. S. Code referred to was not compiled until 1935 and is known as the 1934 edition. Said section 308 of title 28, as therein codified included chapter 497, section 647, 46 Stat. 762, known as the Tariff Act of 1930, which was enacted June 17, 1930, subsequent to the date of the final judgment order of this court pursuant to the mandate of the Court of Customs Appeals.

Plaintiff also contends that "the judgment of the Court of Customs Appeals of February 16, 1929 was subject to review by the United States Supreme Court upon the petition of either party filed within 60 days if the case involved construction of the Constitution of the United States or of any treaty made pursuant thereto," citing Judicial Code, sec. 195.

Section 195 of the Judicial Code as amended and in effect at the time the Court of Customs Appeals handed down its mandate (vol. 38, pt. 1, U. S. Stat. at Large, p. 703), after providing that the Court of Customs Appeals shall have exclusive appellate jurisdiction of final decisions of the Board of General Appraisers (now the United States Customs Court) contained the following proviso:

*Provided, however,* That in any case in which the judgment or decree of the Court of Customs Appeals is made final by the provisions of this title, it shall be competent for the Supreme Court, upon the petition of either party, filed within sixty days next after the issue by the Court of Customs Appeals of its mandate upon decision, in any case in which there is drawn in question the construction of the Constitution of the United States, or any part thereof, or of any treaty made pursuant thereto, or in any other case when the Attorney General of the United States shall, before the decision of the Court of Customs Appeals is rendered, file with the court a certificate to the effect that the case is of such importance as to render expedient its review by the Supreme Court, to require, by certiorari or otherwise, such case to be certified to the Supreme Court for its review and determination, with the same power and authority in the case as if it had been carried by appeal or writ of error to the Supreme Court:

\*          \*          \*          \*          \*          \*          \*

Plaintiff's attorney in his brief admits that the case of *United States* v. *Iwai, supra,* "merely involved the question of whether the division

· of the Customs Court had properly decided the issues raised by the reappraisement appeals referred to in Reap. 1094." By reference to the decision in the case cited it is clear that no question of the construction of the constitution or any treaty made pursuant thereto, was involved, nor has the plaintiff produced any proof that prior to the time the decision of the Court of Customs Appeals was rendered the Attorney General had filed a certificate of importance.

Upon this record we find nothing in the law that warrants a finding that the cases referred to in the so-called duress certificate were "pending on appeal to reappraisement" as claimed by the plaintiff. We therefore find that the action of the collector in holding that the certificate was insufficient was in conformity with the law. Plaintiff's claim is overruled.

Judgment will be rendered for the defendant. It is so ordered.