BEFORE THE THIRD DIVISION, FEBRUARY 25, 1943.

**No. 48055.**—Protest 979226–G of H. Reeve Angel & Co., Inc., (Galveston).

EKWALL, Judge: This is an action against the United States in which an importer of certain kraft wrapping paper seeks a review of the action of the collector of customs at the port of Houston, Tex., in refusing to allow an amended entry covering said merchandise to be considered as a duress entry. The original entry was made on July 14, 1938, on a consumption entry form. On July 19, 1938, the importer filed another consumption entry covering the same merchandise in which certain additions were made to meet advances by the appraiser in similar cases pending on appeal to reappraisement. The collector refused to allow this amended entry to be considered as a duress entry.

In an amendment to his pleadings the plaintiff makes a claim of clerical error.

Section 487, Tariff Act of 1930, provides for amendment of entry in the following language:

## SEC. 487. VALUE IN ENTRY—AMENDMENT.

The consignee or his agent may, under such regulations as the Secretary of the Treasury may prescribe, at the time entry is made, or at any time before the invoice or the merchandise has come under the observation of the appraiser for the purpose of appraisement, make in the entry such additions to or deductions from the cost or value given in the invoice as, in his opinion, may raise or lower the same to the value of such merchandise.

Section 503 (b) of the same law, relating to dutiable value is as follows:

## SEC. 503. DUTIABLE VALUE.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(b) ENTRIES PENDING REAPPRAISEMENT.—If the importer certifies at the time of entry that he has entered the merchandise at a value higher than the value as defined in this Act because of advances by the appraiser in similar cases then pending on appeal for reappraisement or re-reappraisement, and if the importer's contention in such pending cases shall subsequently be sustained, wholly or in part, by a final decision on reappraisement or re-reappraisement, and if it shall appear that such action of the importer on entry was taken in good faith, the collector shall liquidate the entry in accordance with the final appraisement.·

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

Under the authorities the collector was justified in refusing to treat the second entry as a duress entry. In the case of *Sabine Transportation Co.* v. *United States,* 3 Cust. Ct. 286, C. D. 256, it was held that—

\* \* \* since said section 503 (b) provides a method by which the importer may avoid the payment of additional duties under certain conditions, it confers a privilege upon him and if there be any doubt as to the construction to be placed upon the language contained therein, such doubt should be resolved in favor of the Government and not in favor of the importer, consequently in our opinion it should be so interpreted as to require the filing of the so-called duress certificate at the time of entry.

In the instant case the amended entry incorporating the duress certificate was not filed at the time of entry; therefore it was not filed in conformity with the statute and the decisions thereunder. See also *Victorien M. Meyer* v. *United States,* T. D. 45798, 62 Treas. Dec. 51, and *Ono Trading Co.* v. *United States,* 23 C. C. P. A. 124, T. D. 47991.

The claim of clerical error is not supported by the evidence. The person who made the entry testified that he overlooked certain instructions given him. In the case of *J. J. McQuillan* v. *United States,* 18 C. C. P. A. 215, T. D. 44401, the court, in denying a claim for clerical error, used the following language:

The error committed in the preparation of the involved entry was unfortunate, and, if ordinary care and caution are to be considered as of consequence in such matters, it was inexcusable. The witness, Gnann, testified that he did not examine the invoices with sufficient care to observe that they were two in number. He did not even see the "C. I. F. Duty Paid" invoice used by his "young man" (presumably a clerk, although there is no evidence to that effect) in the preparation of the entry. He told his "young man" to make entry at the "yen price." Instead of obeying these instructions, the young man used the "C. I. F. Duty Paid" invoice, deducted certain nondutiable items, amounting to $336.19, and entered the merchandise at $3,537.41. He evidently overlooked the statement on the first page of the "C. I. F. Duty Paid" invoice that the duty at 40 per centum ad valorem on· 4,161.80 yen amounted to $809.92, and that the latter sum was included in the total invoice price.

The court further held that whether or not an error was a clerical error depended upon the intention of the person who made such error, and in view of the fact that the entry there under consideration was precisely as the person who made it up intended it to be both in form and substance, the error committed was not clerical in character. So here, the entry as originally made was precisely as the person making up such entry intended it to be and therefore the claim of clerical error is overruled.

Judgment will be rendered for the defendant.