(C. D. 790)

W. X. Huber Co. *v.* United States

United States Customs Court, Third Division

(Decided July 2, 1943)

*Philip Stein* for the plaintiff.

*Paul P. Rao*, Assistant Attorney General (*Richard F. Weeks* and *William J. Vitale*, special attorneys), for the defendant.

Before Cline, Keefe, and Ekwall, Judges

Ekwall, Judge: A shipment of rugs from Belgium was entered for consumption at the port of Los Angeles on February 4, 1939, the entered value being given as Belgian francs 55,111.80. Subse-

quently, to wit, on February 16, 1939, an amended entry was filed giving the value as Belgian francs 60,134. As neither the invoice nor the goods had come under the observation of the appraiser for the purpose of appraisement the amendment was allowed and the appraiser proceeded with his appraisement, returning the invoice at the value as shown on the amended entry, and the collector in due time liquidated the entry on the basis of such value. Within the statutory time a protest was filed, the pertinent portion of which reads as follows:

We hereby protest your liquidation in view of the fact that a Duress Certificate was attached to the Invoice with the entry and that liquidation should have been suspended pending decision on appeal in this matter.

When the case was called for hearing on October 9, 1940, an attorney appeared for the importer and after some discussion, participated in by the judge presiding at the hearing and counsel for both sides, the following amendment to the protest was allowed:

We further claim that the liquidation was illegal, being based on an illegal appraisement. We also claim that the merchandise is properly dutiable at only 20% under Par. 921 of the Tariff Act of 1930 and the Belgian Trade Agreement (T. D. 47600), on such value at which the merchandise is finally appraised.

The case comes before us without any testimony and without any official report from the collector. Apparently the collector transmitted the protest and entry and accompanying papers without even a covering letter. We shall, therefore, have to form our judgment from such facts as we can properly deduce from the entry papers and invoice, the so-called duress certificate, and certain concessions made by the Government attorney when the case was called for hearing.

We find among the papers a document that is in form such a duress certificate as the law requires so far as the matter therein contained is concerned, but it is obviously only a carbon copy, with the original not accounted for, and it is not signed. It is on a piece of plain white paper, not a letterhead. The Government attorney has conceded that this alleged certificate was attached to the amended entry when the latter was filed and on the strength of this concession plaintiff's attorney argues that because the entry was signed there was no need for the certificate to be signed. We cannot agree with this position. Every entry is required to be signed and according to plaintiff's position here no duress certificate need ever be signed. But a certificate—of whatever character—is null and void if it is not signed by the person making it. The signature is of the essence of the document. All the definitions of the term, both lay and legal, confirm this statement. For example, the Standard Dictionary gives this definition:

certificate * * *. 2. Law. A writing so signed and authenticated as to be legal evidence * * *.

It is true as contended by plaintiff's attorney that the statute does not specifically require that the certificate be signed, but this is far from being persuasive of an intent on the part of the lawmakers to dispense with a signature. Section 514 of the Tariff Act of 1930 does not specifically require that a protest be signed, but in the case of *Allison* v. *United States*, 11 Ct. Cust. Appls. 297, T. D. 39126, a protest not signed was held to be a nullity. Section 501 of the same law does not specifically require that appeals to reappraisement be signed but in *United States* v. *General Aniline Works*, 58 Treas. Dec. 751, T. D. 44421, an appeal to reappraisement was held invalid because the person taking the appeal signed it with his initials instead of his full name.

We hold as matter of law that the so-called duress certificate before us, which is the one that is discussed by plaintiff's attorney in his brief, is void and of no effect. It follows that the action of the importer in entering at the value shown in the amended entry was entirely voluntary on its part and that the action of the collector in liquidating upon the basis of such value was legal and proper in all respects.

It is evident from the foregoing that the complaint of importer's attorney that the collector violated the law in not sending the importer a notice of appraisement is quite without merit. This matter of giving notice of appraisement is governed by section 501 of the Tariff Act of 1930 which directs that—

The collector shall give written notice of appraisement to the consignee, his agent, or his attorney, if (1) the appraised value is higher than the entered value, or (2) a change in the classification of the merchandise results from the appraiser's determination of value.

In the instant case the appraised value was not higher than the entered value and there was no change in the classification of the merchandise resultant from the appraiser's action.

The conclusion we have reached herein makes it unnecessary to discuss the various other arguments in plaintiff's brief particularly as they embody statements of facts and happenings that are wholly unsupported by evidence. As we have already stated the case is before us without any testimony in support of the allegations in the brief. This observation applies also to the classification claim in the amendment to the protest.

Plaintiff's claims are overruled on all grounds and the decision of the collector will stand.

Judgment will be rendered accordingly.