(C. D. 877)

Butler Brothers *v.* United States

United States Customs Court, Third Division

(Decided August 30, 1944)

*Tompkins & Tompkins (J. Stuart Tompkins* of counsel) for the plaintiff.
*Paul P. Rao,* Assistant Attorney General (*William J. Vitale* and *Richard H. Welsh,* special attorneys), for the defendant.

Before Cline, Keefe, and Ekwall, Judges

Ekwall, Judge: This protest is directed against the decision of the collector of customs at the port of Seattle, Wash., in

* * * refusing to honor the decision by the United States Customs Court as rendered on October 8, 1941, in the case of *Butler Bros.* v. *United States,* Reap. Dec. 5457, * * *.

The reappraisement decision cited covered certain Christmas tree ornaments from Germany which were entered accompanied by a so-called duress certificate. It was held that the correct market value of the merchandise was that at which it was invoiced, that is, in accordance with the claim of the importer. Had everything been in order the collector would have proceeded to liquidate on this basis, but he did not do so because the certificates attached to the respective entries did not comply with the statute authorizing liquidation on less than the entered value in certain cases. The statute involved is found in section 503 (a) and (b) of the Tariff Act of 1930, and is as follows:

SEC. 503. DUTIABLE VALUE.

(a) General Rule.—Except as provided in section 562 of this Act (relating to withdrawal from manipulating warehouses) and in subdivision (b) of this section, the basis for the assessment of duties on imported merchandise subject

to ad valorem rates of duty shall be the entered value or the final appraised value, whichever is higher.

(b) ENTRIES PENDING REAPPRAISEMENT.—If the importer certifies at the time of entry that he has entered the merchandise at a value higher than the value as defined in this Act because of advances by the appraiser in similar cases then pending on appeal for reappraisement or re-reappraisement, and if the importer's contention in such pending cases shall subsequently be sustained, wholly or in part, by a final decision on reappraisement or re-reappraisement, and if it shall appear that such action of the importer on entry was taken in good faith, the collector shall liquidate the entry in accordance with the final appraisement.

The reasons for the collector's refusal to liquidate upon the basis of the final appraised value are agreed upon by counsel in a stipulation upon which the case was submitted. We quote from the stipulation as follows:

(7) That the collector's reasons for liquidating said entries 1823 and 2342 upon the basis of the original appraised values were that he claimed: (1) that article 303 (b) of the Customs Regulations of 1937 was not complied with as to the first 3 cited cases, namely, appeals Nos. 00209, 2510, and 2522, and (2) that the last 3 cited Seattle entries—

Court appeals 2765 Entry 1148 9/16/38
2726 Entry 2365 10/22/37
2725 Entry 3020 11/24/37

were themselves duress entries and not original advances by the appraiser.

The protests were abandoned except as to the items specified above.

In view of the above the issue here is plain. If the certificates filed were in compliance with section 503 (b) the importer is entitled to judgment. If they were not, the collector was right in his action and the protest must be overruled. It will be useful here to review the legislative history of the pertinent statutory provisions involved. Before the enactment of the Tariff Act of 1913 the law as expressed in the closing sentence of subsection 7 of section 28 of the Tariff Act of 1909 was phrased in the following terse language:

* * *. The duty shall not, however, be assessed in any case upon an amount less than the entered value.

This rule has been relaxed, first by paragraph I of section III of the Tariff Act of 1913, then by section 489 of the Tariff Act of 1922. In other words, that is the basic rule and no departure therefrom is permissible except upon compliance with the conditions specified in the amending statutes. In other words, the amendatory words are a grant of a privilege and hence must be construed, in case of doubt, most strongly against the grantee. *Sabine* v. *United States*, 3 Cust. Ct. 286, C. D. 256; *Zinberg* v. *United States*, 16 Ct. Cust. Appls. 268, T. D. 42870; *Bernstein* v. *United States*, 18 C. C. P. A. (Customs) 193, T. D. 44379.

Another legal principle here involved is that the collector may liquidate upon the entered value rather than upon the reappraised

value in cases where the duress certificate does not comply with the terms of the statute. This has been repeatedly decided. See the cases cited above, also *Dow* v. *United States*, 8 Cust. Ct. 133, C. D. 591; *Farris* v. *United States, ibid.* 355, C. D. 639.

There was no defiance of this court nor did the collector by refusing to liquidate on the basis of the value finally found upon reappraisement "thus nullify, disregard, and refuse to follow" the judgment of the court as claimed in plaintiff's brief. The statement in the brief on behalf of the plaintiff herein that

Said decision and judgment provided and directed that the collector liquidate those entries upon the basis of the *per se* unit invoice prices plus packing, etc., in other words, upon the basis of the invoice prices rather than the higher duress entered values.

is in error. The judgment orders herein contained no direction to liquidate. They were limited to announcement of the value found.

Upon consideration of the whole case we are satisfied that the action of the collector in failing or refusing to liquidate the entries upon the basis of the reappraised values and in liquidating at the entered values were legal and correct. As already shown, the citation of pending cases is in the following form. We copy from the certificate:

The similar cases now pending are entries:

| | Appeal | #00209 | | |
|---|---|---|---|---|
| | | 2510 | | |
| | | 2522 | | |
| | | At Seattle | | |
| Appeal | #2765 | Entry 1148 | 9/16/38 |
| | 2726 | 2365 | 10/22/37 |
| | 2725 | 3020 | 11/24/37 |

It is admitted that the last three items are themselves duress entries on which the appraiser made no additions, and they need not be further considered. It now appears that the first three numbers are not entry numbers, but serial numbers given to certain appeals when they were filed in the Customs Court. That is to say, there are no entry numbers given in the certificate, nor is the port indicated where they might have been pending. The certificate is fatally defective in almost exactly the same particulars as those condemned in the case of *Bernstein* v. *United States, supra.* Following the ruling in that case we hold the certificates in the instant case not to be in compliance with the law. Plaintiff's protest is therefore overruled and the decision of the collector affirmed in all respects.

Judgment will be rendered accordingly.