(C. D. 944)

ENTERPRISE ENGINE CO. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided July 20, 1945)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the plaintiff.
*Paul P. Rao,* Assistant Attorney General (*Joseph B. Brady* and *Sybil Phillips,* special attorneys), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

CLINE, Judge: This is a suit against the United States arising at the port of San Francisco upon a protest claiming that the liquidation of the entry was void as written notice of appraisement had not been given to the consignee, his agent, or attorney, and that the collector's refusal to accept an amendment of the entry whereby the importer sought to deduct $2,500 from the amended entered value and add the same amount back under certificate of pending reappraisement was illegal. Demand was made that the liquidation be canceled, the amendment accepted, and notice of appraisement issued.

The merchandise, consisting of two exhaust supercharging blowers

imported from Switzerland, was entered on January 12, 1940, at a value of $4,675. On January 20, 1940, the entry was amended by adding an engineering fee amounting to $2,500, making the entered value $7,175. The amendment contains the following statement:

U. S. Appraiser's Office.

Prior to the receipt of this application, neither the invoice nor the merchandise has come under the observation of the Appraiser or Acting Appraiser for appraisement purposes.

Feb. 20, 1940                              (sgd.) P. H. Watson
                                                  Appraiser

On February 20, 1940, a second amendment was submitted, which reduced the entered value to $4,675 by deducting the item of $2,500 previously added and then adding back the same amount under an attached certificate of pending reappraisement. This second amendment was rejected by the collector, and duty was assessed on the basis of the value set out in the amended entry.

According to the testimony of Robert E. Blinn, customs broker, the two amendments were submitted because of the following circumstances. Mr. Blinn prepared the original entry on the basis of the invoice values, less certain charges, entering the merchandise at a value of $4,675. Subsequently, the examiner found that the importer was being charged with an engineering fee in addition to the invoice value. After learning that, Mr. Blinn on January 19 prepared and filed an amendment adding the engineering fee of $2,500. At that time Mr. Blinn did not know of any pending case involving the question of whether the engineering fee was dutiable. Thereafter he made inquiries of counsel and learned of the existence of such a case and on January 23, he wrote to the Bureau of Customs requesting it to direct the San Francisco appraiser to withhold appraisement pending disposition of that case. The request was denied by the bureau in a letter received by Mr. Blinn on February 20. On the same date Mr. Blinn prepared the second amendment deducting the engineering fee and adding it back under an attached certificate of pending reappraisement. The amendment was tendered at 11:40 a. m. on the morning of February 20 and in the afternoon of that day, Mr. Blinn and Mr. Tuttle called upon the appraiser, Mr. Watson, who stated that the invoice had not been returned but that it would be returned that day. According to Mr. Blinn, Mr. Watson also stated at that time that the invoice had not come under his observation for the purpose of appraisement and that it was with Examiner Johnson.

Mr. Watson testified, however, that on February 20, the invoice was on the signature desk in the appraiser's stores; that he told Mr. Blinn and Mr. Tuttle that the invoice had not been returned but would be returned that day; and that Mr. Blinn made some reference

to the question of observation during the conversation, but that he (Watson) had not made any reply to the statement. Mr. Watson stated that he had discussed the question of the engineering fee of $2,500 with Examiner Johnson prior to January 20; that they had decided that it was a dutiable item; and that Mr. Johnson had so advised the importer. After receipt of the first amendment, they obtained additional information which was confirmatory of their opinion that the item was dutiable. On the morning of February 20, the appraisement was complete except for the signing of the summary sheet.

The collector rejected the second amendment on the ground that a duress certificate was attached, citing T. D. 49991, which provides that duress certificates filed subsequent to the dates of the entries to which they relate are untimely and invalid. This regulation is in accordance with the decisions of this court and the Court of Customs and Patent Appeals. *Sabine Transportation Co.* v. *United States*, 3 Cust. Ct. 286, C. D. 256; *H. Reeve Angel & Co., Inc.* v. *United States*, 10 Cust. Ct. 407, Abstract 48055; *Ono Trading Co.* v. *United States*, 23 C. C. P. A. 124, T. D. 47991. In *H. Reeve Angel & Co., Inc.* v. *United States, supra,* the court said (p. 408):

In the instant case the amended entry incorporating the duress certificate was not filed at the time of entry; therefore it was not filed in conformity with the statute and the decisions thereunder. See also *Victorien M. Meyer* v. *United States,* T. D. 45798, 62 Treas. Dec. 51, and *Ono Trading Co.* v. *United States,* 23 C. C. P. A. 124, T. D. 47991.

Therefore, the second amendment was properly rejected.

Plaintiff claims, however, that the collector should have accepted the second amendment without the duress certificate. Nevertheless, it seems clear that the duress certificate and the second amendment were intended to be taken as one document. Mr. Blinn testified in that regard as follows:

X Q. When you presented your second amendment to the collector the duress certificate was attached to the amendment, wasn't it?—A. Yes.

X Q. And both, of course, were to be taken at the same time?—A. That is right.

X Q. Why did you put that duress certificate on there like that—so that you could suspend under this other case?—A. No; we wanted the duty paid under duress on that particular amount of $2,500. We wanted the importer to receive a refund of that in case the test case was decided favorably, and I have been advised that is the only way to protect the importer's interest.

Since the test case had not yet been decided, certainly the importer did not intend to run the risk of an undervaluation on the merchandise. The amendment, therefore, cannot be considered without the duress certificate.

The second amendment was properly rejected for another reason; namely, that the invoice had come under the observation of the

appraiser prior to the time when it was offered and therefore the importer had no right to amend. *MacMillan* v. *United States*, 11 Ct. Cust. Appls. 466, T. D. 39536; *D. C. Andrews & Co.* v. *United States*, 29 C. C. P. A. 131, C. A. D. 182. Counsel for plaintiff concedes this in his brief but now contends that the first amendment should not have been accepted because the invoice had come under the observation of the appraiser prior to January 20. Plaintiff argues that if the first amendment had been rejected, the appraised value would be higher than the entered value and a notice of appraisement should have been sent to the importer. Plaintiff claims that no such notice was sent and that therefore the liquidation was void, citing *Ti Hang Lung & Co.* v. *United States*, 3 Cust. Ct. 268, C. D. 248.

Plaintiff's contention that the invoice had come under the observation of the appraiser prior to January 20 is not sufficiently established by the evidence. The application to make the first amendment contains a statement signed by Mr. Watson to the effect that neither the invoice nor the merchandise had come under his observation for the purpose of appraisement prior to that time. Mr. Watson's testimony is not in conflict with that statement. He had discussed the matter of the engineering fee with the examiner prior to January 20, but it was the examiner who notified the importer of the additional item. Apparently the invoice was still in the custody of the examiner. Consideration by the examiner or other appraising officer is not the observation of the appraiser. *Cox & Schreiber* v. *United States*, 45 Treas. Dec. 381, T. D. 40086; *McEwen Halliburton Co.* v. *United States*, 56 Treas. Dec. 433, T. D. 43665; *Whitvelour, Inc.* v. *United States*, 73 Treas. Dec. 329, T. D. 49419. In *McEwen Halliburton Co.* v. *United States, supra*, the acting appraiser in his capacity as examiner had passed upon the invoice prior to the application for the amendment. It was held that the invoice had not come under his observation for the purposes of appraisement and the amendment should have been allowed. The mere fact that the appraiser in the instant case had discussed a particular item with the examiner cannot be held to overcome the appraiser's positive statement that the invoice had not come under this observation for the purpose of appraisement. The item could have been discussed without regard to the invoice itself and without regard to other factors entering into the question of appraised value.

Moreover, plaintiff's present claim was not raised in the protest. The protest states that the liquidation was void because written notice of appraisement was not made and because of rejection of the second amendment; nothing is said about the first amendment. From plaintiff's own brief it is clear that plaintiff intended to establish that the second amendment should have been accepted, not that the first amendment should have been rejected. It is well established that a

protest must show that the objection made at the trial was in the mind of the party at the time the protest was made. *United States* v. *Rice & Co.*, 257 U. S. 536; *United States* v. *Sheldon & Co.*, 5 Ct. Cust. Appls. 427, T. D. 34946; *United States* v. *Globe Shipping Co., Inc.*, 19 C. C. P. A. 148, T. D. 45262.

Since the appraised value was no higher than the entered value as set forth in the first amendment, there was no requirement that the collector send a written notice of appraisement under section 501 of the Tariff Act of 1930. *W. X. Huber & Co.* v. *United States*, 11 Cust. Ct. 44, C. D. 790. Moreover, there is no proof in the record as to whether or not such a notice was sent, although no copy is attached to the invoice as required under article 862 of the Customs Regulations of 1937. It is incumbent upon plaintiff, who is making the claim, to support it by satisfactory proof.

After consideration of the circumstances and the authorities cited, we hold that the invoice came under the observation of the appraiser for the purpose of appraisement prior to February 20, 1940, but not prior to January 20, 1940; that the second amendment was properly rejected since it was submitted with a duress certificate and since it was filed after the invoice had come under the observation of the appraiser; that the first amendment was properly accepted; that no notice of appraisement was necessary since the appraised value was no higher than the entered value; and that the appraisement and the liquidation are valid. The protest is overruled. Judgment will be rendered for the defendant.