(C. D. 1093)

W. X. HUBER CO. *v.* UNITED STATES

122

United States Customs Court, Third Division

(Decided March 19, 1948)

*Harper & Harper* (*George R. Tuttle* and *Frank L. Lawrence* of counsel) for the plaintiff.

*Paul P. Rao*, Assistant Attorney General (*Harold L. Grossman* of counsel), for the defendant.

Before CLINE, EKWALL, and JOHNSON, Judges

EKWALL, Judge: The collector of customs at the port of Los Angeles refused to accept a so-called duress certificate presented by the plaintiff herein in which the importer sought to amend its entered value under authority of section 503, Tariff Act of 1930. The reason for such refusal is given on said certificate and in the testimony of the deputy collector in charge of the liquidating division at the port of entry as due to the fact that the certificate was made out in Chinese yuan dollars, whereas the case cited therein as a similar case pending on reappraisement, was entered and appraised in United States dollars.

The merchandise was appraised on the basis of the value given in the duress certificate and the entry liquidated at that value. No notice of appraisement was sent to the importer for the reason, as stated at the hearing by the deputy collector, that such notice was required only in the event of the filing of a valid duress certificate and that he considered the instant certificate inadequate or that it "improperly cited a case as being a similar case."

Plaintiff claims in its protest and the amendment thereto that this action on the part of the collector is illegal, null, and void, and that his liquidation is invalid because a notice of appraisement was not issued as required by section 501 of the said tariff act, and, further, that the matter should be remanded to a single judge for determination of dutiable value as provided in said section 501, as amended by section 16 (c) of the Customs Administrative Act of 1938.

We quote the applicable provisions of the statute as follows:

SEC. 501. [As amended by the Customs Administrative Act of 1938, T. D. 49646]

(a) The collector shall give written notice of appraisement to the consignee, his agent, or his attorney, if (1) the appraised value is higher than the entered value, or (2) a change in the classification of the merchandise results from the appraiser's determination of value. The decision of the appraiser shall be final and conclusive upon all parties unless a written appeal for a reappraisement is filed with or mailed to the United States Customs Court by the collector within sixty days after the date of the appraiser's report, or filed by the consignee or his agent with the collector within thirty days after the date of personal delivery, or if mailed the date of mailing of written notice of appraisement to the consignee, his agent, or his attorney. No such appeal filed by the consignee or his agent shall be deemed valid, unless he has complied with all the provisions of this Act

relating to the entry and appraisement of such merchandise. Every such appeal shall be transmitted with the entry and the accompanying papers by the collector to the United States Customs Court and shall be assigned to one of the judges, who shall in every case, notwithstanding that the original appraisement may for any reason be held invalid or void and that the merchandise or samples thereof be not available for examination, after affording the parties an opportunity to be heard on the merits, determine the value of the merchandise from the evidence in the entry record and that adduced at the hearing.

\* \* \* \* \* \* \*

(c) If upon the hearing of a protest, the United States Customs Court shall declare an appraisement of merchandise made after the effective date of the Customs Administrative Act of 1938 to have been invalid or void, it shall remand the matter to a single judge, who shall proceed to determine the proper dutiable value of such merchandise in the manner provided for by this section. \* \* \*

SEC. 503. DUTIABLE VALUE.

\* \* \* \* \* \* \*

(b) ENTRIES PENDING REAPPRAISEMENT.—If the importer certifies at the time of entry that he has entered the merchandise at a value higher than the value as defined in this Act because of advances by the appraiser in similar cases then pending on appeal for reappraisement or re-reappraisement, and if the importer's contention in such pending cases shall subsequently be sustained, wholly or in part, by a final decision on reappraisement or re-reappraisement, and if it shall appear that such action of the importer on entry was taken in good faith, the collector shall liquidate the entry in accordance with the final appraisement.

As to the sufficiency of the certificate, it is clear that until an importer has had an opportunity to litigate his claim as to value before a reappraisement tribunal the question of similarity of the issues might be very difficult to determine.

Under the law as it exists at present, duress cases take the same course as other suits in reappraisement, that is, the merchandise is appraised by the appraiser, and in case of appeal, by the court sitting in reappraisement. If the collector were made the arbiter of the validity of said certificate and were permitted to reject it without allowing the importer to have the question of value judicially determined by the constituted authority in an appeal for reappraisement from the appraiser's finding of value, the final determination of the proper value upon which liquidation should be based could not be made until after the determination of a protest filed against such liquidation on the ground that it was based upon an illegal appraisement as is claimed herein. That course, however, entails a trial before this court sitting on the classification side, and if the certificate were found sufficient and the appraisement invalid because notice had not been sent to the importer under section 501, *supra*, the case would have to be remanded to a single judge to find a value for the merchandise. The better procedure would, therefore, seem to be that goods should be duly appraised and the collector should proceed to liquidation, at which time he could pass upon the sufficiency of the

certificate, basing his liquidation upon the value which, in view of the certificate, he deemed the statutory value. From this liquidation, if dissatisfied, the importer could file protest under section 514 of the Tariff Act of 1930.

This court has had the matter of the validity of so-called duress certificates before it on numerous occasions. The legal principle has been repeatedly set forth that the collector may liquidate upon the entered value rather than upon the reappraised value in cases where the duress certificate does not comply with the terms of the statute. *Butler Brothers* v. *United States*, 13 Cust. Ct. 101, C. D. 877; *Sabine* v. *United States*, 3 Cust. Ct. 286, C. D. 256; *Zinberg* v. *United States*, 16 Ct. Cust. Appls. 268, T. D. 42870; *Bernstein* v. *United States*, 18 C. C. P. A. (Customs) 193, T. D. 44379. The reason for this holding is stated by the court in *W. X. Huber* v. *United States*, 11 Cust. Ct. 44, C. D. 790, to be that in such cases:

\* \* \* the action of the importer in entering at the value shown in the amended entry was entirely voluntary on its part and that the action of the collector in liquidating upon the basis of such value was legal and proper in all respects.

No proof has been submitted in the instant case on the question of the validity of the duress certificate here involved. We do not pass upon that question.

Upon the record it is the opinion of the court and we so hold that the ends of justice would best be served if the importer herein were given notice of advance in value by the appraiser, in order that he might proceed under the statute to have the matter of the value of the merchandise determined by a reappraisement tribunal. Inasmuch as the sufficiency of the duress certificate has not been judicially determined, it cannot be said that the entry was entirely voluntary on the part of the importer. On the present state of the record the appraiser has found the value to be that set forth in the duress certificate. From this finding of value importer is entitled under the statute to appeal for a reappraisement within the statutory time after receipt of such notice.

Inasmuch as the legislative body has provided that where this court "shall declare an appraisement \* \* \* invalid or void, it shall remand the matter to a single judge, who shall proceed to determine the proper dutiable value of such merchandise," it is unnecessary in this case for this court to direct the collector to give notice of appraisement. (Section 501, as amended, *supra*.) The shorter procedure authorized by the statute will therefore be adopted, and the case remanded to a single judge, who shall proceed to determine the proper dutiable value according to law.

We therefore sustain plaintiff's claim.