(C. D. 1108)

STRAUSS-ECKARDT CO., INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided May 14, 1948)

*Sharretts & Hillis* (*J. Bradley Colburn* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Dorothy C. Bennett*, special attorney), for the defendant.

Before CLINE, EKWALL, and JOHNSON, Judges

EKWALL, Judge: It is claimed in this case that the collector in liquidating an entry of Christmas-tree ornaments failed to obey this court's mandate and did not use as a basis of value the reappraised values found by the court. The said Christmas-tree ornaments were the subject of reappraisement No. 136340–A (collector's No. 555) decided in *Strauss-Eckhardt Co., Inc.* v. *United States*, 8 Cust. Ct. 675, Reap. Dec. 5611. The collector used as a basis of value the entered value.

Entry was made upon a so-called duress certificate filed in attempted compliance with section 503 (b) of the Tariff Act of 1930 and article 303 (*b*) of the Customs Regulations of 1937, in effect at the time of entry. Said certificate named as pending entry 732154, appeal No. 03112 (collector's number). Entry 732154 was itself a duress entry and appeal No. 03112 was eventually abandoned by the importer and dismissed by the court. It did not relate to Christmas-tree ornaments.

It is contended on behalf of the plaintiff that reappraisement appeal No. 03111 should have been noted in the certificate, that being also an appeal covering entry 732154. However, no claim of clerical error is made.

Section 503 is in the following language:

(a) GENERAL RULE.—Except as provided in section 562 of this Act (relating to withdrawal from manipulating warehouses) and in subdivision (b) of this section, the basis for the assessment of duties on imported merchandise subject to ad valorem rates of duty shall be the entered value or the final appraised value, whichever is higher.

 (b) ENTRIES PENDING REAPPRAISEMENT.—If the importer certifies at the time of entry that he has entered the merchandise at a value higher than the value as defined in this Act because of advances by the appraiser in similar cases then

pending on appeal for reappraisement or re-reappraisement, and if the importer's contention in such pending cases shall subsequently be sustained, wholly or in part, by a final decision on reappraisement or re-reappraisement, and if it shall appear that such action of the importer on entry was taken in good faith, the collector shall liquidate the entry in accordance with the final appraisement.

It will be noted that the above provisions of the statute require in subsection (a) that collectors shall assess duty on ad valorem goods upon the basis of the entered or final appraised value, whichever is higher. To this requirement there are two exceptions, the first relating to goods in manipulating warehouses which has no application here. The only other exception relates to instances where an importer certifies at the time of entry that his entered value is higher than the statutory dutiable value and that he has so entered "because of advances by the appraiser in similar cases then pending on appeal for reappraisement or re-reappraisement." Under such circumstances, the collector may liquidate on the basis of the final appraised value provided "the importer's contention in such pending cases shall subsequently be sustained, wholly or in part," and further, "if it shall appear that such action of the importer on entry was taken in good faith."

The decisions have held consistently that in order to obtain the benefit of the privileges granted in said section 503 (b) (and correlative provisions in section 489 of the Tariff Act of 1922), it is mandatory upon the importer to comply strictly with such provisions. *Zinberg* v. *United States*, 16 Ct. Cust. Appls. 268, T. D. 42870; *M. Bernstein* v. *United States*, 18 C. C. P. A. (Customs) 193, T. D. 44379; *Ono Trading Co.* v. *United States*, 23 C. C. P. A. (Customs) 124, T. D. 47991; *Basser's Silk Co.* v. *United States*, 23 C. C. P. A. (Customs) 141, T. D. 48008; *Nippon Dry Goods Co.* v. *United States*, 27 C. C. P. A. (Customs) 277, C. A. D. 100; *Balfour, Williamson & Co.* v. *United States*, 61 Treas. Dec. 1123, T. D. 45697; *Sabine Transportation Co.* v. *United States*, 3 Cust. Ct. 286, C. D. 256; and *Oceanic Trading Co.* v. *United States*, Abstract 50483.

In the *Bernstein* case, *supra*, the wrong citation of a test case was given in the duress certificate, as is the case here. The appellate court held on that account that the importer had not brought himself within the exception noted in the statute, and the general rule that duty must be assessed on the higher entered value must govern.

In the *Ono Trading Co.* case, *supra*, the original certificate cited cases not then pending on reappraisement. Another certificate containing the correct test case numbers was later tendered, which the collector refused to accept. The appellate court upheld the collector and held that the statute required the filing of a correct certificate "at the time of entry," and that there was no authority for filing such certificate subsequently. The court, after holding that no clerical error was involved, stated:

* * * Not having filed such certificate, the decision of the single judge in reappraisement in this case becomes immaterial, so long as the entered value is greater than the final appraised value in the case.

That ruling is directly applicable in the instant case. Here a correct certificate was not filed. There is no proof of clerical error. Therefore, the decision of the single judge in reappraisement is immaterial, the entered value being greater than the final appraised value.

Plaintiff's counsel points out in his brief that article 865 of the Customs Regulations of 1937, as amended by T. D. 49707, provides in paragraph (b) thereof that the appraiser shall note on the summary sheet that the importer's citation of the pending test case is correct, or, if not, state the correct one. From this, he contends that since no notation was made in the instant case, the appraiser was satisfied with the importer's citation, and the collector is bound by that omission and must liquidate on the basis of the final appraised value rather than the higher entered value. The fallacy of this contention lies in the fact that it is the duty of the collector to determine on what basis entries shall be liquidated and any notations in connection therewith, required by the regulations or otherwise, are merely advisory and solely for the assistance of the collector, but in no way binding upon him.

An examination of the official papers discloses that reappraisement No. 03112, cited in the so-called duress certificate (exhibit 1–A), related to toys and Halloween goods only, and was subsequently abandoned by the importer and dismissed by the court. Therefore, importer's contentions in the cited reappraisement were not "sustained, wholly or in part," as required by section 503(b), *supra*. Reappraisement No. 03111, which was not cited in the certificate, related to the tree ornaments. An examination of the appraiser's red-ink notations on the invoices covered by the cited entry, 732154 (collective exhibit 2), discloses that it was only in connection with the merchandise other than the glass tree ornaments that there were any advances in value by the appraiser; that the glass tree ornaments were appraised as entered with an accompanying duress certificate. It thus appears that entry 732154 does not comply with the statutory requirement that the test case cited in the certificate must be one in which there have been "advances by the appraiser."

On the record we find that since the entered value of the glass tree ornaments involved herein is higher than the final appraised value, and the certificate accompanying the entry was insufficient under section 503 (b), *supra*, the collector acted within the law in assessing duty on the basis of the entered value, as provided in section 503 (a), *supra*.

Judgment will therefore be rendered overruling the protest.