(C. D. 639)

T. A. FARRIS v. UNITED STATES

United States Customs Court Third Division

(Decided May 28, 1942)

*Harper & Harper* (*Abraham Gottfried* of counsel) for the plaintiff.
*Paul P. Rao* Assistant Attorney General (*Richard H. Welsh*, special attorney), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

EKWALL, Judge: Plaintiff in this case, an importer, entered a quantity of cotton and linen embroidered articles at the port of Los Angeles. At the time of entry there was attached to the entry papers a form of so-called duress certificate, which stated that it was certified that the entered value of the embroidered articles was higher than the dutiable value and that the goods were so entered in order to meet advances made by the appraiser in similar cases pending on appeal to reappraisement. The entry numbers of the alleged similar cases were set forth in said document, together with the reappraisement numbers of the pending cases. This certificate was produced in an attempt at compliance with section 503 (b) of the Tariff Act of 1930, but contained no signature and because of lack of a signature the collector of customs at the port of Los Angeles rejected the same and liquidation was had on the appraised value of the merchandise. The summary sheet shows the entered value to be the same as the appraised value.

No testimony was produced at the hearing but the following stipulation was entered into by the attorneys for both litigants:

I offer to stipulate that the actual sheet on which the duress certificate appears bears no signature, contains the typewritten words "Harper & Harper, Attorneys, H. W. Hellman_Building, Los Angeles, California", but does not contain anything

else which would constitute a signature. We also offer to stipulate that this duress certificate was filed with the entry, and was physically attached to the entry, that the entry was signed by the importer.

Mr. WELSH. The Government will agree, upon the consideration that Mr. Gottfried doesn't attempt to assert that the signature of Harper & Harper, Attorneys on there, constitutes a signing of the duress certificate.

Mr. GOTTFRIED. I will agree to this extent; that we didn't place that on there, and I don't think it was intended by the person who prepared the duress certificate that it was to be a signature.

Mr. WELSH. With that understanding the Government agrees to that stipulation.

\*     \*     \*     \*     \*     \*     \*

The plaintiff claims that inasmuch as the so-called duress certificate was physically attached to the entry paper, which entry paper was signed, the certificate should be deemed to be in substantial compliance with the law.

The provision of the statute governing these so-called duress certificates is found in section 503 (b) of the Tariff Act of 1930 and provides as follows:

SEC. 503. DUTIABLE VALUE.

\*     \*     \*     \*     \*     \*     \*

(b) ENTRIES PENDING REAPPRAISEMENT.—If the importer certifies at the time of entry that he has entered the merchandise at a value higher than the value as defined in this Act because of advances by the appraiser in similar cases then pending on appeal for reappraisement or re-reappraisement, and if the importer's contention in such pending cases shall subsequently be sustained, wholly or in part, by a final decision on reappraisement or re-reappraisement, and if it shall appear that such action of the importer on entry was taken in good faith, the collector shall liquidate the entry in accordance with the final appraisement.

We have been cited to no rule of law under which a document in the nature of a certificate need not be signed if physically attached to another paper which bears a signature.

Funk & Wagnalls New Standard Dictionary defines the verb "certify" as follows:

3. To testify to in writing; give a certificate of; make a declaration about in writing, under hand, or hand and seal; \*   \*   \*

This definition indicates the necessity for a signature to a written certification.

There is nothing before us to indicate that the importer intended that the signature of the entry should be the signature of the certificate, even were such a practice permissible. The certificate before us appears to be a mimeographed form having the firm name of Harper & Harper, Attorneys, with their address in the lower left-hand corner. It is admitted by the attorney for the plaintiff that this firm name is not claimed to be a signature. The amounts of "Claimed Value" and "Entered Value" are filled in in ink. There also appears on this sheet in ink the following:

Correct
Los Angeles Entry
D E 6470—1935

In the lower left-hand portion of the sheet there is written in red ink:

Rejected by Coll. of Cust.
Not signed.

This notation is dated March 18, 1940, and is signed with what appear to be the initials "J. C. T."

The regulations, made under the general authority conferred on the Secretary of the Treasury to make and promulgate regulations, are found in article 303 of the Customs Regulations of 1937. That article provides that a consignee making addition on entry should make his certificate at the time of entry in substantially the form set forth therein. While this court has not held that this form must be followed, it is essential that the certificate should contain the information necessary to inform the collector of the importer's claim and the entries of the cases on which he relies. It is the opinion of the court that it should also be signed by the importer or his agent.

Plaintiff's claim is set forth in his pleadings as follows:

Your action in rejecting the instant duress certificate was and is illegal, null, and void. You should reliquidate at the entered values less the amounts added on duress. Your liquidation is therefore illegal, null and void.

In the brief filed on behalf of the plaintiff an alternative claim is set up, viz, that the collector should be directed to give notice of appraisement so that an appeal to reappraisement may be filed. This claim was not raised in the protest. Said protest is specific and the plaintiff cannot now set up a claim not covered thereby.

For the foregoing reasons the plaintiff's claims are overruled. Judgment will be rendered for the defendant.