(C. D. 948)

Clinton Smullyan Associates *v.* United States

United States Customs Court, Third Division

(Decided September 13, 1945)

*Jordan & Klingaman* (*Jacob L. Klingaman* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Dorothy C. Bennett*, special attorney), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

EKWALL, Judge: A quantity of wool hosiery and outerwear was imported from England and assessed under paragraph 1114 of the Tariff Act of 1930, as amended. On entry, plaintiff attempted to make additions under duress under section 503 (b) of the same law to meet advances by the appraiser in similar cases then pending on appeal for reappraisement. These additions consisted of an amount equal to the British purchase tax. The collector of customs liquidated the entry upon the basis of the appraised value for the reason, as set forth in the memorandum transmitted to the court with the official papers, that the duress certificate was unsigned. Plaintiff claims that the duress certificate is in proper form and duly signed and that, therefore, the liquidation is premature in that no notice of appraisement was sent to the importer (sec. 501, Tariff Act of 1930).

We quote the applicable provisions of the statute as follows:

SEC. 501. NOTICE OF APPRAISEMENT—REAPPRAISEMENT.

The collector shall give written notice of appraisement to the consignee, his agent, or his attorney, if (1) the appraised value is higher than the entered value, or (2) a change in the classification of the merchandise results from the appraiser's determination of value. * * *

SEC. 503. DUTIABLE VALUE.

(a) GENERAL RULE.—Except as provided in section 562 of this Act (relating to withdrawal from manipulating warehouses) and in subdivision (b) of this section, the basis for the assessment of duties on imported merchandise subject to ad valorem rates of duty shall be the entered value or the final appraised value, whichever is higher.

(b) ENTRIES PENDING REAPPRAISEMENT.—If the importer certifies at the time of entry that he has entered the merchandise at a value higher than the value as

defined in this Act because of advances by the appraiser in similar cases then pending on appeal for reappraisement or re-reappraisement, and if the importer's contention in such pending cases shall subsequently be sustained, wholly or in part, by a final decision on reappraisement or re-reappraisement, and if it shall appear that such action of the importer on entry was taken in good faith, the collector shall liquidate the entry in accordance with the final appraisement.

The duress certificate attached to the invoice is on customs Form 7587 and the only name appearing thereon as that of the importer is "Clinton Smullyan Associates," which appears in typewriting without the signature of any individual as an officer of said associates. It is noted that the entry itself is signed in typewriting with this same name together with a name which we read as "Clinton Smullyan" in ink directly thereunder. We are without information as to whether this is a corporation, partnership, or firm name.

In the case of *Farris* v. *United States*, 8 Cust. Ct. 355, C. D. 639, this court had before it the question of the sufficiency of a duress certificate in which the name of a firm of customs attorneys was typewritten as the signature on the duress certificate without the signature of any individual. It was there held that this was insufficient on the ground that a written certification of this kind requires the signature of the importer or his agent. This conclusion was reached by the court in conformity with the definition of the term "certify" as found in Funk & Wagnalls New Standard Dictionary as follows:

3. To testify to in writing; give a certificate of; make a declaration about in writing, under hand, or hand and seal; * * *

The brief filed on behalf of the importer, plaintiff herein, contends that the signature is sufficient under the ruling in the *Fritzsche Brothers* case, T. D. 29359, G. A. 6829. We find no merit in this contention for the reason that the case cited involved the signature to a protest, which is not required to be certified. Therefore, the ruling there made is not applicable in the case at bar.

Under authority of the *Farris* case, *supra*, it is the opinion of the court and we so hold that no valid duress entry was filed in this case.

The only question remaining is whether the collector of customs is required to give notice of appraisement under the circumstances of this case. It will be noted that section 501, *supra*, requires written notice of appraisement only if (1) the appraised value is higher than the entered value, or (2) a change in the classification of the merchandise results from the appraiser's determination of value. The regulations (article 862 (c), Customs Regulations of 1937) require collectors of customs to give notice of appraisement under section 501, *supra*, and also state that in the case of so-called "duress" entries

such notice shall be on a certain customs form. Inasmuch as we have held that no valid duress entry was filed in this case, we are not concerned with that part of the regulation relating to so-called "duress" entries. If either of the conditions set forth in (1) and (2) of said section 501 are present, it was the duty of the collector to comply with the statute and the importer was entitled to written notice of appraisement. The witness produced on behalf of the Government testified that the entered and appraised values are the same. This is borne out by an inspection of the invoice and entry papers, including the appraiser's red-ink check on the summary sheet, indicating that all items were appraised as entered. It is therefore clear that no notice of appraisement was required under (1).

Did a change in the classification of the merchandise result from the appraiser's determination of value, thereby requiring a notice on the part of the collector? The Government liquidator testified that his liquidation was based on the appraised values which are the same as the entered values, and this testimony is in conformity with the notations on the entry. It further appears that the increase in the liquidated duties over the total estimated duties resulted from errors in addition made by the importer resulting in a deficiency in the entered quantity, and the application of a lower ad valorem rate of duty on certain items under paragraph 1114, *supra*.

We therefore find that no change in classification resulted from the appraiser's determination of values, and that there were no circumstances present such as would require a notice of appraisement under said section 501.

For the reasons above set forth plaintiff's claims are overruled.

Judgment will be rendered in favor of the defendant.