**No. 51108.**—Protests 90049–K, etc., of Mottahedeh & Sons et al. (New York).

Opinion by KEEFE, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 51109.**—Protest 99415–K of Thornhill Patterson Co., Ltd. (Los Angeles).

EKWALL, Judge: Plaintiff in this case protests the action of the collector of customs in refusing to act upon a so-called duress certificate filed under section 503(b), Tariff Act of 1930. Said certificate was signed in typewriting as follows:

FRANK P. DOW CO., INC.,

------------------------------------
(Importer)

V. P.

The collector claimed this certificate void in that it was not properly signed.

The only testimony adduced was that of the customhouse broker connected with the firm of Frank P. Dow, as office manager and vice president of the Los Angeles office, who testified that she gave instructions that all duress certificates be signed as above and that she intended the above-typed signature to constitute the signature of Frank P. Dow Co. On cross-examination she stated that the "V. P." appearing thereon, means vice president; that she was the vice president of this company at that time; and that on all such duress certificates she physically signed in pen and ink her name as vice president, but that in this case she did not so sign the certificate. In answer to a question from the judge hearing the case, she stated that she apparently overlooked signing her name in this case.

Counsel agreed that the customs regulations require that the signature of the agent signing for the principal appear. Counsel did not cite the regulation. It is not clear to the court what article of the regulations counsel had in mind.

This court held in the case of *Clinton Smullyan Associates* v. *United States*, 15 Cust. Ct. 80, C. D. 948, that a duress certificate which bore the signature "Clinton Smullyan Associates," without the name of any individual as an officer of said associates, was insufficient. Under authority of that decision we hold that the signature of the certificate here involved is insufficient in that it fails to show the name of any individual as an officer of the corporation.

In the absence of a legal duress certificate we hold that the collector committed no error in liquidating upon the entered value.

Judgment will be rendered for the defendant.