(C.D. 3941)

NIMPEX INTERNATIONAL, INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided December 15, 1969)

*Glad & Tuttle* (*Robert Glenn White* of counsel) for the plaintiff.
*William D. Ruckelshaus*, Assistant Attorney General (*Robert T. Richardson* and *Robert E. Burke*, trial attorneys), for the defendant.

Before RICHARDSON and LANDIS, Judges

RICHARDSON, Judge: The merchandise that is the subject of this protest consists of steel wire rods imported from Australia in March 1962. They were entered under paragraph 315, Tariff Act of 1930, as modified by the Sixth Protocol to the General Agreement on Tariffs and Trade, as steel wire rods valued not over 4 cents per pound at 0.125 cent per pound. It was assessed as steel wire rods valued over 4 cents per pound at 0.25 cent per pound. The protest claim was that "the liquidation is void in that no Notice [on] Customs Form 4301 was issued or mailed to the importer or its agent as required when the appraisement shows an increase in value over the entered value." At the trial, plaintiff amended the protest to read "That the liquidation is void in that no notice of appraisement was issued or given to the consignee, his agent, or his attorney, as required when a change in the classification of the merchandise results from the appraiser's determination of value." The parties stipulated "no notice of appraisement was requested and no notice of appraisement was sent."

The involved statutes and regulations are:

Paragraph 315, Tariff Act of 1930 as modified:

| | |
|---|---|
| 315 Wire rods: Rivet, screw, fence, and other iron or steel wire rods, whether round, oval, or square, or in any other shape, nail rods and flat rods up to six inches in width ready to be drawn or rolled into wire or strips, all the foregoing in coils or otherwise: | |
| Valued over 2½ cents but not over 4 cents per pound_____ | 0.125¢ per lb. |
| Valued over 4 cents per pound_____ | 0.25¢ per lb. |

19 U.S.C.A. § 1501(a):

§ 1501. Notice of appraisement; reappraisement

(a) The collector shall give written notice of appraisement to the consignee, his agent, or his attorney, if (1) the appraised value is higher than the entered value, or (2) a change in the classification of the merchandise results from the appraiser's determination of value, or (3) in any case, if the consignee, his agent, or his attorney requests such notice in writing before appraisement, setting forth a substantial reason for requesting the notice. The decision of the appraiser, including all determinations entering into the same, shall be final and conclusive upon all parties unless a written appeal for a reappraisement is filed with or mailed to the United States Customs Court by the collector within sixty days after the date of the appraiser's report, or filed by the consignee or his agent with the collector within thirty days after the date of personal delivery, or if mailed the date of mailing of written notice of appraisement to the consignee, his agent, or his attorney. Every such appeal shall be transmitted with the entry and accompanying papers by the collector to the United States Customs Court.

19 CFR § 17.6:

§ 17.6  Notice of appraisement; reappraisement

The district director of customs shall promptly give notice of appraisement when such notice is required by section 501, Tariff Act of 1930, as amended. The notice shall be prepared in duplicate and the retained copy, with the date of mailing or delivery noted thereon, shall be securely attached to the invoice.

On the entry papers the value per pound was computed at less than 4 cents per pound. The total entered value is also the total appraised value for each invoice. However, the importer had made a mathematical error in computing the value per pound which is the basis for determining the rate of duty on the imported merchandise. The appraiser noted in red ink on the entry papers that the merchandise was valued over 4 cents per pound and adjusted the rate of duty from the entered duty of 0.125 cent per pound to the rate of 0.25 cent per pound. Plaintiff contends the appraiser's actions in raising the rate of duty constituted a revaluation of the merchandise at bar. The government contends the action was merely the correction of a clerical error for which the collector was not required to give notice of appraisement.

Defendant has cited the case of *Clinton Smullyan Associates* v. *United States*, 15 Cust. Ct. 80, C.D. 948 (1945), in support of the claim that notice was not required in the case at bar. In *Smullyan, supra*, the importer made additions in value to meet advances by the appraiser in similar cases then pending on appeal to reappraisement and filed a

duress certificate with a typed signature. This court held the duress entry was not valid because it had not been signed and therefore no notice of appraisement was required under the provisions for a duress entry. The entered values and appraised values were the same, however, the increase in liquidated duties over total estimated values was a result of the correction of errors in addition made by the importer which had resulted in a deficiency in the entered quantity and the application of a lower rate of duty on certain items. The invoice and entry papers, including the appraiser's red-ink check on the summary sheet indicated that all items were appraised as entered. This court held there were no circumstances present which would require a notice of appraisement be sent. The plaintiff appealed the holding with respect to the validity of the duress certificate. The Court of Customs and Patent Appeals in *Clinton Smullyan Associates* v. *United States*, 35 CCPA 7, C.A.D. 363 (1947), never had before it the question of whether there had been a change in classification such as would have required a notice on the part of the collector when the mathematical errors on the entry were corrected.

In the case of *United States* v. *James H. Rhodes and Co.*, 40 CCPA 1, C.A.D. 488 (1952), the question before the court was whether there had been a change in classification such as would require notice of appraisement when mathematical errors on an entry were corrected resulting in increased duty. That case involved unmanufactured pumice stone entered at a value of $15 per 1,000 kilos gross weight under paragraph 206, Tariff Act of 1930, at the rate of one-tenth of one cent per pound for unmanufactured pumice stone valued at $15 or less per ton. The collector in converting weights from kilos to tons used the long ton or 2,240 pounds as specified in section 2951 of the Revised Statutes and found a value of over $15 per ton dutiable at the rate of one-fourth of one cent per pound. No notice of appraisement had been sent. The Customs Court held in *James H. Rhodes & Co.* v. *United States*, 26 Cust. Ct. 424, Abs. 55525 (1951), the appraisement to be void. The Court of Customs and Patent Appeals affirmed, *supra*, stating at page 5:

> An outstanding feature of the controversy is that the importer never had an opportunity to contest, in the manner provided in section 501 of the Tariff Act of 1930, as amended, the appraisement made by the appraiser and adopted by the collector for duty purposes. It received no notice from the collector that a valuation higher than one-tenth of one cent per pound, the rate specifically claimed in the entry, had been adopted on the basis of the appraisement by the appraiser.
>
> We think the importer was entitled to have "its day in court" on that question. It may be that it will be unable to sustain its entry claim of value, and that in the end the appraisement of

the appraiser will be shown to be the correct dutiable basis, but the importer was entitled to have that question determined before the duty assessment was liquidated.

We conclude that the failure to give the notice required had the effect of voiding the appraiser's appraisement and rendered the collector's liquidation invalid. . . .

On the facts before the court in this case, the importer had had no notice that a rate of duty higher than the rate specifically claimed on the entry had been adopted by the collector. Following the holding in the *Rhodes* case, *supra*, notice was required. Although the total appraised value is the same as the total entered value the per unit appraised value is higher than the per unit entered value. Since duty is assessed on the basis of the per unit value there was such change in classification to entitle the importer to notice. The failure to give notice of appraisement to the importer, or his agent rendered the appraisement and subsequent liquidation void.

Accordingly, the protest is dismissed as premature and the matter is remanded to a single judge for the purpose of appraisement.